UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL OCHOA,

                Plaintiff,

v.

EEAN MASON, et al.,

                Defendants.

Case No. 3:16-cv-5787 RBL-TLF

REPORT AND RECOMMENDATION

**Noted for: September 22, 2017**

Plaintiff Paul Ochoa, proceeding pro se and *in forma pauperis*, filed this 42 U.S.C. § 1983 civil rights lawsuit alleging that he was assigned a top bunk while he was an inmate at the Department of Corrections ("DOC") Washington Corrections Center ("WCC") and that he injured his shoulder while climbing down from the upper bunk. Defendants Dean (identified as "Eean" by plaintiff) Mason and Frank Longano (identified as "Lonano" by plaintiff) move for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56. Dkt. 15. They contend there are no allegations demonstrating their involvement and it is undisputed that they did not personally participate in any of the alleged events that caused Mr. Ochoa's injury. Dkt. 15. Mr. Ochoa filed no papers in opposition to the motion.

Having reviewed the parties' filings, summary judgment evidence, and balance of the record, the undersigned recommends that defendants' motion for summary judgment be granted.

REPORT AND RECOMMENDATION - 1

**FACTS**

Mr. Ochoa began his state time at WCC on August 16, 2013. Dkt. 7, p. 2. Approximately two months later, he was transferred to Cedar Creek Corrections Center ("CCCC"). On March 24, 2014, Mr. Ochoa was transferred to Twin Rivers in Monroe, Washington and during that transfer, he spent one night at the WCC where he was assigned to a top bunk. *Id.* He states that he immediately informed unidentified "staff" that he was disabled and not supposed to be assigned an upper bunk. Mr. Ochoa alleges that he became disabled in 1985 after a car accident after which his left side remained partially paralyzed. He also alleges that he had been assigned a Health Status Report ("HSR") at his previous prison location indicating he should be assigned an upper bunk. However, unidentified WCC staff advised Mr. Ochoa on March 24, 2014, that he would have to go to the assigned upper bunk because there were no lower bunks available. *Id.* Thereafter, Mr. Ochoa fell to the concrete floor from the upper bunk and injured his shoulder. *Id.*

Mr. Ochoa alleges that he began a "conservative Treatment program" for his shoulder at Twin Rivers and on October 10, 2015, was told that the treatment had failed. X-rays taken October 16, 2015 revealed a "severe displacement which caused a deteriorating rotator cuff requiring immediate surgery". After the Care Review Committee ("CRC") determined that surgery was not necessary, Mr. Ochoa filed a grievance. At Providence Hospital he received a cat-scan, and on December 8, 2015, he was admitted for surgery of a "locked chronic anterior shoulder dislocation diagnosis to replace [his] right shoulder rotator cuff and ball joint." Dkt. 7, p. 3. Mr. Ochoa alleges that he "endured 21 months of pain" after falling from an upper bunk, and he seeks $5 million in damages. *Id.*

REPORT AND RECOMMENDATION - 2

According to Defendant Frank Longano, WCC Medical Director, inmates can request a HSR for an accommodation, including assignment to a lower bunk. Dkt. 17, Declaration of Frank Longano, ¶ 4. Unit staff does not have access to inmate medical files. If an inmate receives a HSR, medical staff keeps the original record and the inmate is given a copy. A copy is not provided to unit staff unless provided by the inmate. *Id.*

DOC's Statewide Offender Orientation Handbook (Handbook) states that the Handbook "is provided to all offenders housed at Department facilities." Dkt. 17, Longano Decl., ¶ 5. The August of 2013 to March of 2014 versions of the Handbook states:

**Health Status Report (HSR)**

The form DOC 13-041 Health Status Report (HSR) is a document that notes any medical, visual, mental health, and/or dental limitations you may have.

- If your medical condition requires you to have special equipment or items, such as ace wraps, crutches, a wheelchair, etc., you will be issued an HSR.

- You must keep your copy of the HSR with you to show that the equipment is authorized.

- You are required to comply with the instructions and restrictions on the HSR.

*Id.*, Longano Decl., ¶ 6.

Dr. Longano states that he was not personally involved in Mr. Ochoa's cell or bed assignment at the WCC from August of 2013 to March of 2014. Dkt. 17, Longano Decl., ¶ 7. WCC Associate Superintendent Dean Mason, who was a correctional unit supervisor at WCC at the time in question, states that he has no knowledge of Mr. Ochoa's medical issues or HSRs and was not personally involved in Mr. Ochoa's cell or bed assignment at the WCC from August of 2013 to March of 2014. Dkt. 18, Mason Decl., ¶¶ 2, 4-5.

REPORT AND RECOMMENDATION - 3

## SUMMARY JUDGMENT STANDARD

The Court grants summary judgment if the movant shows: (a) there is no genuine dispute as to any material fact, and (b) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). If a dispute of specific facts would not affect the outcome of the suit, that dispute is irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248.

The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing a genuine issue for trial. *Id.*, at 249. A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim for cruel and unusual punishment in relation to medical care under the Eighth Amendment, a plaintiff must show that a state actor acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner's medical treatment. *Id*. at 104–5; *see also Broughton v. Cutter Labs*., 622 F.2d 458, 459–60 (9th Cir.1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32–35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir.1995).

Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health or medical malpractice. *Farmer*, 511 U.S. at 835. A plaintiff must show a chosen course of treatment was medically unacceptable under the circumstances and that this

REPORT AND RECOMMENDATION - 5

course was chosen in conscious disregard of an excessive risk to plaintiff's health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). This requires more than a difference of opinion between the prisoner-patient and prison medical authorities regarding treatment. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. *Monell v. Dep't of Soc Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). A plaintiff must allege some facts that would support a claim that a supervisory defendant either personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or implemented a deficient policy that itself violated constitutional rights and was the moving force that resulted in the constitutional violation. *OSU Student Alliance v. Ray,* 699 F.3d 1053, 1076 (9th Cir. 2012); *Star v. Baca,* 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Mr. Ochoa names Dean Mason and Frank Logano as defendants but asserts no allegations that would support a factual basis for establishing personal participation against either of them. There is no evidence that either of these defendants was involved in his cell or bunk assignment and in fact, the evidence affirmatively confirms that they were not. There is also no evidence that either of these defendants was aware of, and disregarded, an excessive risk to Mr. Ochoa's health or safety.

Accordingly, the undersigned recommends that these defendants should be dismissed from this action.

**CONCLUSION**

The undersigned recommends the Court **GRANT** defendants' motion for summary judgment (Dkt. 15) and dismiss plaintiff's claims with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6; Fed. R. Civ. P. 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **September 22, 2017**, as noted in the caption.

Dated this 8th day of September, 2017.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7